UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL ANDREW KITCHEN,

    Plaintiff,

v.           Case No. 25-cv-13590

           Hon. Jonathan J.C. Grey

JEREMY BUSH, et al.,

    Defendants.

_____/


## OPINION AND ORDER SUMMARILY DISMISSING CASE

Before the Court is pro se Plaintiff Michael Andrew Kitchen's civil rights complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Kitchen is presently confined at the Thumb Correctional Facility in Lapeer, Michigan. This complaint is before the Court on initial review, as required by the Prison Litigation Reform Act ("PLRA"). For the reasons discussed below, the Court **SUMMARILY DISMISSES** the complaint. The Court also **DENIES AS MOOT** the pending motions to serve the complaint (ECF No. 3), release the last known addresses of defendants (ECF No. 11), dismiss or transfer the case (ECF No. 16), and for fair treatment and request regarding legal mail (ECF No. 19).

## I.     FACTUAL ALLEGATIONS

Kitchen states that while he was incarcerated at the Michigan Reformatory in October 2021, Michigan Department of Corrections (MDOC) Defendants Jeremy Bush, Laura S. Heinritz, Deborah K. Casillas, Patrick M. Daniels, and John Doe were angry that he refused to assist a white prisoner, who he identifies as James Mitchell, in a fight. (ECF No. 1.) To punish him, they fabricated a Special Problem Offender Notice (SPON). (*Id.*, PageID.19.) Kitchen asserts that he was falsely accused of "placing a hit" on Mitchell (*id.*, PageID.19), and that the SPON characterized him as being violent toward others (*id.*, PageID.20). According to Kitchen, the SPON can be "used indefinitely against [him] in an adverse and harmful manner by prison officials when transferring, classifying, and placing [him] into another correctional facility, work assignment, and institutional programming."     (*Id.*, PageID.24.) Additionally, it can "be used against Kitchen when communicating with Michigan's parole board authorities when [he] is being considered for parole." (*Id.*)

Kitchen further states that in August of 2022, the SPON was provided to Oakland County Assistant Prosecutor Rae Ann Ruddy. (*Id.*,

PageID.24–25.) Ruddy argued that Kitchen's motion for resentencing should be denied because he continued to engage in criminal behavior "when conspiring to murder prisoner Mitchell by 'putting a hit' on him." (*Id.*, PageID.26.) The motion for resentencing was ultimately denied. (*Id.*)

Kitchen brings claims concerning violations of his procedural and substantive due process rights under the Fourteenth Amendment, Equal Protection Clause violations, and various state law claims including ethnic intimidation, abuse of process, defamation, and slander. He sues the defendants in their official and individual capacities.

## II.   LEGAL STANDARD

The PLRA requires federal district courts to screen a prisoner's complaint and to dismiss the complaint or any portion of it if the allegations are frivolous, malicious, fail to state a claim for which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) (citing 28 U.S.C. §§ 1915(e), 1915A, and 42 U.S.C. § 1997e); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). "District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a

pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners." *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997).

Kitchen prepaid the filing fee for this action, and courts may not summarily dismiss a prisoner's fee-paid complaint under 28 U.S.C. § 1915(e)(2) because that section applies only to complaints filed in forma pauperis. *Benson v. O'Brian*, 179 F.3d 1014, 1015–1017 (6th Cir. 1999). *Benson*, however, does not prohibit federal courts from screening a prisoner's fee-paid civil rights complaint against government officials under § 1915A. *See Hyland v. Clinton*, 3 F. App'x 478, 478–479 (6th Cir. 2001). Thus, if a prisoner's complaint seeks relief from a governmental entity, officer, or employee, the district court must dismiss it, or any part thereof, which (i) is frivolous, malicious, or fails to state a claim upon which relief can be granted, or (ii) seeks monetary relief from a defendant who is immune from suit for monetary damages. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). While a

4

complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (punctuation modified). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must plausibly allege: (i) the violation of a right secured by the Constitution or another law of the United States, and (ii) that the violation was committed by a person acting under color of state law. *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).

## III.   ANALYSIS

### A.   Claim Preclusion

Kitchen previously filed a civil rights action against Defendants Heinritz and Casillas based on the same operative facts, which was dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. *Kitchen v. McDonald*, No. 23-CV-13075, 2024 WL 4299506, at *5 (E.D. Mich. Sept. 26, 2024).

In that case, Kitchen sued Oakland County Prosecutors Karen McDonald, Marilyn Day, and Rae Ann Ruddy (the Oakland County Defendants) and Deborah Casillas and Laura Heinritz (the MDOC Defendants). He claimed that the MDOC Defendants and the Oakland County Defendants worked together to "smear his character" between May 2018 and May 2022 in retaliation for refusing to help James Mitchell—a "known white supremacist" and fellow prisoner—when Mitchell approached Kitchen for help in an expected prison fight, among other things. Kitchen alleged that a SPON was subsequently and inappropriately placed in his prison file, which affected his resentencing proceedings. He claimed retaliation in violation of the First Amendment,

an equal protection violation, racial intimidation, defamation, and slander.

Under the res judicata or claim preclusion doctrine, a claim is barred by prior litigation if the following elements are present:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997) (citations omitted).

The res judicata rule "precludes not only relitigating a claim previously adjudicated; it also precludes litigating a claim or defense that should have been raised, but was not, in the prior suit." *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003) (citations omitted). An action that is barred by res judicata is legally frivolous. *See, e.g., Taylor v. Reynolds*, 22 F. App'x 537, 538 (6th Cir. 2001); *Hill v. Elting*, 9 F. App'x 321 (6th Cir. 2001).

In this case, all four elements are present. First, the previous decision dismissing the federal claims was a final decision on the merits. *See Hughes v. U.S. Dep't of Hous. & Urb. Dev.*, 238 F.3d 421 (6th Cir.

2000) (citation omitted) ("[D]ismissal for failure to state a claim operates as a decision on the merits for res judicata purposes.").

Second, although the instant lawsuit includes additional defendants (Bush, Daniels, and John Doe), res judicata bars Kitchen's claims against them because he had a full and fair opportunity to raise his claims against those defendants in his prior lawsuit. *See Georgia-Pacific Consumer Prods. LP v. Four-U-Packaging, Inc.*, 701 F.3d 1093, 1098 (6th Cir. 2012) (explaining that, "[w]here a litigant brings repeated actions based upon the same operative facts," res judicata may still apply "despite a change in legal theory or the 'cast of characters-defendants' ") (quoting *Randles v. Gregart*, 965 F.2d 90, 93 (6th Cir. 1992)).

Third, while Kitchen's complaint raises some new claims that differ from his previous lawsuit, res judicata bars Kitchen from litigating a new legal theory based on the same operative facts. *See Heike v. Cent. Mich. Univ. Bd. of Trs.*, 573 F. App'x 476, 482 (6th Cir. 2014) (citing *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 529 (6th Cir. 2006)) ("[P]laintiffs cannot avoid the effects of claim preclusion by merely repacking their grievances into alternative theories of recovery or by seeking different remedies.").

8

Fourth, Kitchen's claims from the previous lawsuit, and those in the instant lawsuit, all derive from the issuance of the SPON. The operative facts in both lawsuits center on Kitchen's claims of racial discrimination and defendants' fabricated accusations and documents accusing Kitchen of "putting a hit" on a fellow prisoner. Considering all four elements are present, the complaint is subject to dismissal on res judicata grounds and is frivolous.

## B.     Statute of Limitations

In addition to being frivolous, the complaint must be dismissed as untimely under the limitations period applicable to § 1983 cases.

While § 1983 provides for a federal cause of action, it does not contain an express statute of limitations. Instead, it borrows the statute of limitations for personal injury actions from the state where the injury arose. *Wallace v. Kato*, 549 U.S. 384, 387–388 (2007). Here, Kitchen claims that his constitutional rights were violated in Michigan. He also brings state claims arising under tort law. In Michigan, the statute of limitations on a personal-injury tort is three years. *See Pratt v. KSE Sportsman Media, Inc.*, 586 F. Supp. 3d 666, 672 (E.D. Mich. 2022) (citing Mich. Comp. Laws § 600.5805).

9

Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). And the limitations period "starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Miner v. Ogemaw Cnty. Rd. Comm'n*, 625 F. Supp. 3d 640, 653 (E.D. Mich. 2022) (quoting *McNamara v. City of Rittman*, 473 F.3d 633, 639 (6th Cir. 2007)).

A claim barred by the statute of limitations is subject to dismissal for failure to state a claim. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (finding that when a complaint on its face is barred by the statute of limitations, it fails to state a claim).

Here, Kitchen claims that the SPON was issued against him on or about October 20, 2021. (ECF No. 1, PageID.19.) He further claims that the SPON was provided to the Oakland County prosecutors in August 2022 to interfere with his post-conviction proceedings. (*Id.*, PageID.24–25.) At the latest, Kitchen's deadline to file this lawsuit would have been

10

three years later, in August 2025. But Kitchen did not file his complaint until November 2025. Accordingly, Kitchen's claims are barred by the statute of limitation and thus fail to state a claim.

## IV.   CONCLUSION

Accordingly, because Kitchen's complaint is both frivolous and fails to state a claim upon which relief can be granted, the Court hereby summarily **DISMISSES WITH PREJUDICE** the complaint (ECF No. 1) in its entirety.

**IT IS FUTHER ORDERED** that, because the complaint is dismissed, Kitchen's motions to order service (ECF No. 3), for the MDOC to provide the last known addresses of the defendants (ECF No. 11), and for fair treatment and request for clerk's office and defendants' attorney to sign up for QR code to ensure that plaintiff receives legal mail (ECF No. 19) are **DENIED AS MOOT**.

**IT IS FUTHER ORDERED** that defendants' motion to dismiss or transfer the case (ECF No. 16) is **DENIED AS MOOT**.

**IT IS FUTHER ORDERED** that an appeal from this order cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

11

This is a final order that closes the case.

**SO ORDERED.**

**<u>s/ Jonathan J.C. Grey</u>**
Jonathan J.C. Grey
United States District Judge

Dated April 17, 2026

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 17, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager